# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-53 (PAM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Calvin Montgomery, | |
| Defendant. | |

This case is before the Court on Defendant Michael Calvin Montgomery's Pretrial Motion for Disclosure of 404 Evidence (Dkt. 19); Defendant Michael Calvin Montgomery's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. 20); Defendant Michael Calvin Montgomery's Motion for Early Disclosure of Jencks Act Material (Dkt. 21); Defendant Michael Calvin Montgomery's Pretrial Motion for Discovery and Inspection (Dkt. 22); Defendant Michael Calvin Montgomery's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (Dkt. 23); Defendant Michael Calvin Montgomery's Pretrial Motion to Disclose and Make Informants Available for Interview (Dkt. 24); Defendant Michael Calvin Montgomery's Motion for Discovery Pertaining to Ballistics Comparisons (Dkt. 25); Defendant Michael Calvin Montgomery's Motion to Exclude Ballistics Evidence or Alternatively, for a Daubert Hearing (Dkt. 26); Defendant Michael Calvin Montgomery's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing

and Experts (Dkt. 27); and Defendant Michael Calvin Montgomery's Motion to Address Issue of Detention (Dkt. 35).

The Court held a hearing on the motions on June 30, 2021. (Dkt. 37.) David P. Steinkamp appeared on behalf of the United States of America ("the Government") and Shannon R. Elkins appeared on behalf of Defendant Michael Calvin Montgomery, who was present at the hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Michael Calvin Montgomery's Pretrial Motion for Disclosure of 404 Evidence (Dkt. 19) is **GRANTED IN PART**. No later than 14 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

2. Defendant Michael Calvin Montgomery's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. 20) is **GRANTED IN PART** insofar as the Government shall comply with its requirement to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and further insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order, if not

previously disclosed, and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed. The Motion is otherwise **TAKEN UNDER ADVISEMENT**, pending additional briefing. Counsel shall further meet and confer regarding any dispute as to whether material is *Brady*/*Giglio* information and file additional briefs, if any issues remain, or file a statement that no issues remain, as directed by the Court (Dkt. 37).

3. Defendant Michael Calvin Montgomery's Motion for Early Disclosure of Jencks Act Material (Dkt. 21) is **DENIED** insofar as it seeks production of Jencks Act material "at least two weeks prior to the commencement of the trial" or an order for production of Jencks Act material before a witness has testified at trial on direct examination. The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material early. The parties have agreed, pursuant to the compromise proposed by the Government, to exchange "the statements of witnesses who the [parties] expect[] will testify at trial; impeaching material . . . ; the criminal records, if any, of [the parties']

witnesses; and trial promises or agreements between [a party] and its witnesses" no later than five business days before trial.  (Dkt. 31 at 2-3.)[1]

4. Defendant Michael Calvin Montgomery's Pretrial Motion for Discovery and Inspection (Dkt. 22) is **GRANTED IN PART** and **DENIED IN PART**.  The Government represents that it does not oppose this motion "[t]o the extent the Defendant's requests comport with" Rule 16.  (Dkt. 31 at 2.)  The Government shall comply with its discovery obligations under Rule 16.  To the extent the Motion requests material outside of the scope of Rule 16, the Motion is denied.

5. Defendant Michael Calvin Montgomery's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (Dkt. 23) is **GRANTED**.  The Government in its written submission (Dkt. 31 at 3) and at the hearing represented that it does not oppose the motion to preserve rough notes, if any, created as part of the investigation.  If the Government has not already done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

6. Defendant Michael Calvin Montgomery's Pretrial Motion to Disclose and Make Informants Available for Interview (Dkt. 24) is **TAKEN UNDER ADVISEMENT** pending further meet and confer by counsel and briefing, as directed by the Court (Dkt. 37).

---

[1] This agreement does not alter the Government's obligations with respect to impeaching material required to be disclosed by *United States v. Giglio*, 405 U.S. 150 (1972), as set forth in paragraph 2.

7. Defendant Michael Calvin Montgomery's Motion for Discovery Pertaining to Ballistics Comparisons (Dkt. 25) is **GRANTED** except insofar as the material sought in paragraph 4 in the Motion (Dkt. 25 at 2) shall be limited to any information about the two firearms at issue that was received by the persons who conducted the ballistics testing on those firearms before they conducted the testing. The Government shall provide the information requested in the Motion, as limited by this Order, within ten (10) days of the date of this Order, if not previously disclosed, and must promptly supplement its disclosure upon receipt of any additional information within the scope of this Motion.

8. Defendant Michael Calvin Montgomery's Motion to Exclude Ballistics Evidence or Alternatively, for a Daubert Hearing (Dkt. 26) is **DENIED WITHOUT PREJUDICE** as premature. The Government represents that it "has not yet determined whether it will call an expert witness to testify regarding ballistics evidence." (Dkt. 31 at 4.) When it has made that determination, the Government must promptly inform Defendant's counsel whether or not it will be calling an expert witness to testify regarding ballistics evidence at trial.

9. Defendant Michael Calvin Montgomery's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (Dkt. 27) is **GRANTED**. Insofar as the Motion is directed at disclosures required by Rule 16(a)(1)(F), as ordered in paragraph 4, the Government shall comply with its obligations under Rule 16. Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.

10. Defendant Michael Calvin Montgomery's Motion to Address Issue of Detention (Dkt. 35) is **TAKEN UNDER ADVISEMENT** pending an updated Pretrial Services Report and further briefing, as directed by the Court (Dkts. 36, 37). Because the Court heard argument at the June 30, 2021 hearing, the parties may, but are not required to, submit supplemental briefing on the dates set forth in Docket No. 36. If no briefs are filed, the Court will rule based on the Motion (Dkt. 35), the arguments of counsel at the June 30, 2021 hearing, and the recommendation of Pretrial Services.

DATED: July 1, 2021
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge