UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-53 (PAM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Calvin Montgomery, | |
| Defendant. | |

This case is before the Court on Defendant Michael Calvin Montgomery's ("Defendant" or "Mr. Montgomery") Motion to Address Issue of Detention (Dkt. 35). Mr. Montgomery seeks reopening of the issue of detention pursuant to 18 U.S.C. § 3142(f)(2) and release on electronic home monitoring or, if necessary, halfway house placement, combined with the restrictions of a curfew. (*Id.*) Plaintiff United States of America ("the Government") opposes the Motion. For the reasons stated below, the Court denies the Motion.

### I.  BACKGROUND

Mr. Montgomery is charged in an Indictment with two counts of Felon in Possession of a Firearm, the first count alleging conduct on September 3, 2020 and the second count alleging conduct on January 14, 2021. (Dkt. 1.) The Government sought pretrial detention at his initial appearance (Dkt. 5), the detention hearing took place on March 29, 2021 (Dkt. 11), and on March 30, 2021, U.S. Magistrate Judge Becky R.

Thorson concluded that there were no conditions of release which may be imposed that would reasonably ensure Mr. Montgomery's appearance at future proceedings or protect the public (Dkt. 13 at 1). Judge Thorson therefore ordered Mr. Montgomery detained pending pretrial proceedings. (*Id.* at 3-4.)

> In ordering detention, Judge Thorson made the following Findings of Fact:
>
> The Defendant is alleged to have been a felon in possession of a firearm on two separate occasions: September 4, 2020 and January 15, 2021.
>
> The Defendant has a significant history of criminal activity including the following felony convictions: 2007 - two counts of Burglary in the Second Degree; 2007 – Possession of a Simulated Control Substance; 2008 – Simple Robbery; 2011 – Possession of a Pistol by a Felon; 2014 Terroristic Threats; 2015 Assault in the Third Degree; 2017 – Possession of a Controlled Substance; and 2018 – Terroristic Threats. In addition, the Defendant has been charged with several matters alleging domestic assault and has been convicted of two misdemeanors for fleeing from police.
>
> Further, the Defendant has failed to appear on several matters, has failed to comply with Court-ordered supervision many times, and has absconded from supervised release on three occasions. In fact, at the time the Defendant was arrested on the September 4, 2020 offense, he was a wanted fugitive by the Department of Corrections for failure to comply with conditions of supervised release.
>
> The Defendant is unemployed and has no assets. The Defendant is currently living with his 84-year old mother in an apartment in St. Paul.

(*Id.* at 1-2.) Based on those Findings of Fact, she concluded:

> [T]he government has met its burden of showing by a preponderance of evidence that the Defendant is a risk of flight or non-appearance. The Defendant has a prior record of failing to appear and absconding from Court ordered supervision. In addition, he has been convicted of a misdemeanor for fleeing police on two occasions. These facts lead the Court to conclude that he may flee or fail to abide by court ordered conditions if released.
>
> Further, the Court finds by clear and convincing evidence that the Defendant is a danger to the community if released. The nature of the alleged current

      offense is serious, and were committed while the Defendant was on supervision for a prior felony conviction. The Defendant has a history of serious violent felony convictions including Burglary, Terroristic Threats, Assault in the Third Degree and Felon in Possession of a Firearm. These offenses appear to be escalating in frequency and seriousness. Finally, the Defendant has been charged with, but not convicted of, several incidents alleging domestic violence. All of these matters taken together lead the Court to conclude that the Defendant presents a danger to the community if released.

(*Id.* at 2-3.)

Mr. Montgomery now seeks reconsideration of detention pursuant to 18 U.S.C. § 3142(f)(2). (Dkt. 35.) Because a hearing on Mr. Montgomery's pretrial motions was already scheduled for June 30, 2021 (*see* Dkt. 34), the Court heard argument on the Motion to Address Issue of Detention at that hearing without deciding whether reopening was appropriate (*see* Dkt. 37). The Court also ordered U.S. Probation and Pretrial Services to prepare a supplemental report and recommendation, which Pretrial Services filed on July 7, 2021 ("July 7 Status Report"). (Dkts. 36, 39.) The July 7 Status Report recommended continued detention based on risk of nonappearance and danger to the community based on Mr. Montgomery's criminal history, including "possession of weapons, assaultive behavior, burglaries, drug offenses, robbery, false information to law enforcement, fleeing law enforcement, terroristic threats, numerous warrants, violations of court orders, and absconding from supervision." (Dkt. 39 at 3.)

The Court permitted, but did not require, post-hearing supplemental briefing by the Government and Mr. Montgomery. (Dkts. 36, 37, 38.) Neither party filed a supplemental brief. However, Mr. Montgomery sent a letter to the Court on July 4, 2021, which was docketed on July 9, 2021. (Dkt. 40.)

## II.     LEGAL STANDARD

Under the Bail Reform Act, a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). "In other words, to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained." *United States v. Netherton*, No. 19-cr-258(1) (SRN/ECW), 2021 WL 423919, at *4 n.1 (D. Minn. Feb. 8, 2021) (cleaned up).

If a court reopens the issue of detention, it must consider if "'there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community,' 18 U.S.C. § 3148(f), based on the factors set forth in 18 U.S.C. § 3142(g)." *United States v. Rolenc*, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *6 (D. Minn. Jan. 21, 2021).

Pursuant to 18 U.S.C. § 3142(g),

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or

4

>destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III.   ANALYSIS

In his Motion, Mr. Montgomery states that, of the three Ramsey County cases pending at the time of his March 29 detention hearing, the two that comprise the conduct alleged in the federal indictment (possession of a firearm) have been dismissed. (Dkt. 35 at 1.) The third case (misdemeanor drinking in public) has been resolved as a payable fine. (*Id.*) Mr. Montgomery also states that he was released on bail on the state-court firearms charges. (*Id.*) Mr. Montgomery states that his fiancée is pregnant with his child and due to deliver in September. (*Id.*) Finally, he argues that his release on a one-day furlough in April 2021 to attend his biological mother's funeral, along with his return at

the required time without issue and compliance with all of the restrictions and conditions of the Court's conditions during the furlough, supports his release.  (*Id.* at 1-2.)

At the hearing, Mr. Montgomery further argued that his release would permit him to care for his 84-year-old mother (who had cared for him since he was two years old) and his pregnant fiancée, and also assist the mother of his 2-year-old and 5-year-old children.  As to danger, Mr. Montgomery argued that the firearm that is the subject of the September 3, 2020 count in the Indictment, which ballistics evidence indicated had been involved in a shooting three days earlier, was found in the backseat of a car that Mr. Montgomery was driving, but owned by another man.  He argued that fingerprint tests of the firearm were inconclusive, and no DNA was recovered from the firearm.  Mr. Montgomery also argued that he was wearing a cast when arrested in September 2020 because he had fractured his foot in August 2020, and he was on crutches, not running around shooting guns in August and September 2020.  As to his criminal history, Mr. Montgomery argued that five of his felonies had occurred before he was 18 and the last offense was committed at the age of 29 in 2018.

At the hearing, the Government argued that reopening was not warranted because the only changed circumstances were Mr. Montgomery's fiancée's pregnancy and the dismissal of the Ramsey County cases.  The Government argued that those circumstances, along with Mr. Montgomery's mother's need for him, did not justify reopening.  As to the merits, the Government argued that Mr. Montgomery had apparently cared for his mother for years, and that fact was known to Judge Thorson at the initial detention hearing, and that Mr. Montgomery was already out on bond for the

Ramsey County firearms' possession cases when Judge Thorson ordered detention. Finally, the Government identified Mr. Montgomery's record of absconding from supervision, failure to comply with conditions of probation, history of serious felony offenses, and lack of employment as reasons for Mr. Montgomery's continued detention.

In his post-hearing letter to the Court, Mr. Montgomery described his desire to care for his mother and see the birth of his child. (Dkt. 40 at 1.) He acknowledged his history of charges and asked for a chance to be present for his family. (*Id.* at 2.) Mr. Montgomery said that he has no place to run and wants to be a changed person. (*Id.*)

The Court has carefully considered the record, including Mr. Montgomery's letter, along with the arguments of counsel and Pretrial Services' recommendation. The circumstances that were not known or available to Mr. Montgomery as of the March 29 detention hearing are Mr. Montgomery's fiancée's pregnancy, the dismissal of the Ramsey County state-court charges, Mr. Montgomery's conduct on furlough in April 2021, and the fingerprint and DNA results as to the firearm that is the subject of the September 2020 count of the Indictment.[1] The Court questions whether all this constitutes information that "is material to and has a substantial bearing on whether [Mr. Montgomery] should remain detained." *See Netherton*, 2021 WL 423919, at *4 n.1 (cleaned up). However, when considered in its totality, the Court finds this information sufficient to warrant a discussion of reopening.

---

[1] Based on the record, it appears these tests results were not before Judge Thorson when she issued the detention order.

If the question of detention is reopened, the Court must consider the factors set forth in § 3142(g). *See Rolenc*, 2021 WL 211253, at *6. For the reasons explained below, after consideration of those factors, the Court finds that there are no conditions or combination of conditions that can reasonably assure Mr. Montgomery's appearance at future proceedings and the safety of the community.

The Court recognizes Mr. Montgomery's concerns regarding his mother, children, and pregnant fiancée, but based on the March 25, 2021 Pretrial Services Report, he was living with his mother, fiancée, and children at the time of the alleged offenses and had been living with his mother for several years. (Dkt. 4 at 1, 13.) The Court does not wish to question the sincerity of Mr. Montgomery's good intentions as set forth in his letter, but the Court cannot ignore the fact that his social and familial circumstances if released would effectively be the same as they were before his arrest, including in 2018, when he was charged with and pleaded guilty to felony Threats of Violence and later twice absconded from supervised release. (*Id.* at 12.) The Court also acknowledges Mr. Montgomery's compliance with conditions while on furlough and his return without incident from furlough. This, however, must be weighed against Mr. Montgomery's substantial history of failures to appear; three instances of absconding from supervision, including twice in 2018; and failure to comply with conditions of supervision. After carefully weighing the evidence, the Court finds, by a preponderance of the evidence, that there are no conditions or combination of conditions that can reasonably assure Mr. Montgomery's appearance at future proceedings.

As to danger to the community, the Court has taken into account Mr. Montgomery's argument regarding the DNA and fingerprint test results related to the September 2020 charge in the Indictment, as the weight of the evidence is a factor under § 3142(g)(2). Those results, however, do not affect the January 2021 charge in the Indictment, and the Court finds they are insufficient to alter Judge Thorson's conclusion as to danger to the community as set forth in the March 30 detention order. The Court thus finds that the Government has met its burden of showing there are no conditions or combination of conditions that can reasonably assure the safety of the community if Mr. Montgomery were released.

The Court therefore denies Mr. Montgomery's Motion.

## IV.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Michael Calvin Montgomery's Motion to Address Issue of Detention (Dkt. 35) is **DENIED**.

DATED: July 21, 2021                               *s/Elizabeth Cowan Wright*
                                                                  ELIZABETH COWAN WRIGHT
                                                                  United States Magistrate Judge